IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

TABITHA NEAL,                                )
                                             )
    Plaintiff,                               )
                                             )
VS.                                          )    No. 12-2167-JDT-dkv
                                             )
PARKVIEW APARTMENT, et al.,                  )
                                             )
    Defendants.                              )

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE FOR DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On August 6, 2013, Magistrate Judge Diane K. Vescovo issued a report and recommendation that the *pro se* complaint be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or comply with a court order.[1] No objection has been filed. Consequently, the report and recommendation [DE# 8] is ADOPTED, and the case is hereby DISMISSED.

The court must also consider whether Plaintiff (or her estate) should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider,

---

[1] By order dated May 30, 2013 [DE# 6], in accordance with Rule 25 of the Federal Rules of Civil Procedure, a suggestion of death of Plaintiff was filed, and the court ordered that a proper party be substituted within ninety days or the case would be dismissed. Ninety days has expired, and no party was substituted.

178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed for failure to state a claim based on the doctrine of res judicata but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[2]

---

[2] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this court copies of documents intended for filing in

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

the Sixth Circuit.